**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4019**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANTHONY LEON BOST,

                Defendant - Appellant.

**No. 17-4020**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANTHONY LEON BOST,

                Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00302-RJC-DSC-1; 3:10-cr-00171-RJC-1)

Submitted: June 29, 2017                    Decided: July 11, 2017

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on supervised release, Anthony Leon Bost committed the offenses of armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (2012); using and carrying a firearm in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c) (2012); and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012). Bost pled guilty to the offenses and admitted to violating his supervised release. The district court sentenced Bost to a total of 259 months' imprisonment for his crimes, revoked Bost's supervised release, and sentenced Bost to a consecutive term of 24 months' imprisonment for the supervised release violation. The district court also ordered Bost to pay restitution to the victims of his robberies, including Wells Fargo Bank (Wells Fargo), less any amount recovered by law enforcement. On appeal, Bost contends that the district court abused its discretion by ordering Bost to pay restitution to Wells Fargo for money that was recovered by law enforcement. Bost also argues that his revocation sentence is plainly procedurally and substantively unreasonable. Finding no reversible error, we affirm.

Bost first argues that the district court erred by ordering him to repay Wells Fargo for money that police officers recovered immediately after Bost and his accomplices robbed a branch of the bank. We review a restitution order for an abuse of discretion. *United States v. Freeman*, 741 F.3d 426, 431 (4th Cir. 2014). Our review of the record reveals that the district court did not order Bost to repay Wells Fargo for the recovered money. The district court ordered that Bost pay restitution to Wells Fargo "[l]ess any

3

amount recovered by law enforcement" and limited the "[t]he victims' recovery to the amount of their loss." Because the district court did not order Bost to repay Wells Fargo more than the bank's actual loss, we discern no abuse of discretion. *Cf. United States v. Hanna*, 630 F.3d 505, 512 (7th Cir. 2010) (affirming similar restitution order).

Next, Bost challenges both the procedural and substantive reasonableness of his revocation sentence.[1] "A district court has broad discretion when imposing a sentence upon revocation of supervised release," *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013), and thus, in examining a revocation sentence, we strike "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences," *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Webb*, 738 F.3d at 640 (internal quotation marks omitted). In conducting reasonableness review in the supervised release revocation context, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). If we find a sentence to be unreasonable, we must then decide "whether it is plainly so." *Webb*, 738 F.3d at 640 (internal quotation marks omitted).

---

[1] To the extent that Bost's opening brief may challenge the district court's decision to revoke his supervised release, we find that the district court did not abuse its discretion because Bost admitted to violating his supervised release. *See United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

4

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

A revocation sentence is substantively reasonable if the district court "sufficiently state[s] a proper basis" for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the policy statement range provided by the Guidelines is presumed substantively reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

Beginning with the procedural reasonableness of Bost's revocation sentence, Bost avers that the district court did not recite the applicable § 3553(a) factors when imposing sentence, and Bost specifically faults the district court for failing to consider "the need to avoid unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(6). We find Bost's argument unconvincing because the district court was not required to "robotically tick through § 3553(a)'s every subsection," and in any event, the district court discussed several of the pertinent § 3553(a) factors, such as the need to protect the public, Bost's history of supervised release violations, and the circumstances of the instant violation. *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006). In addition—and contrary

5

to Bost's contention—the district court explicitly addressed the need to avoid unwarranted sentencing disparities.

Bost also suggests that his revocation sentence is procedurally unreasonable because the district court ordered the sentence to run consecutive to his 259-month sentence without addressing U.S. Sentencing Guidelines Manual § 5G1.3 (2016). Guideline § 5G1.3(d), p.s., provides that a sentence "may be imposed to run concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment to achieve reasonable punishment." Subsection (d), p.s., "applies in cases in which the defendant was on federal . . . supervised release at the time of the . . . offense and has had such . . . supervised release revoked." USSG § 5G1.3 cmt. n.4(C). While USSG § 5G1.3's commentary directs a district court to consider several factors in exercising its discretion to impose a concurrent or consecutive sentence, the commentary recommends "that the sentence for the . . . offense be imposed consecutively to the sentence imposed for the revocation." USSG § 5G1.3 cmt. n.4(A), (C). Similarly, USSG § 7B1.3(f), p.s., states that a "term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation."

Although the district court did not mention § 5G1.3 when imposing Bost's revocation sentence, the district court was mindful of the circumstances that USSG § 5G1.3(d)'s commentary directs a district court to contemplate. In particular, the district court discussed several of the relevant § 3553(a) factors, and having imposed the

6

259-month sentence at the same hearing, the district court was certainly aware of the type and length of the undischarged sentence, the time served on the undischarged sentence, and the time likely to be served before release. *See* USSG § 5G1.3 cmt. n.4(A). Therefore, we find no procedural error in the district court's failure to mention USSG § 5G1.3.[2] *See United States v. Hall*, 632 F.3d 331, 336 (6th Cir. 2011).

Finally, Bost argues that his revocation sentence is substantively unreasonable for three reasons: (1) a codefendant received a concurrent revocation sentence, (2) the state charges against Bost that formed the bases for the revocation petition were dismissed, and (3) the district court imposed a 259-month sentence for the same conduct underlying the revocation sentence. We conclude that Bost has failed to rebut the presumption of reasonableness that is afforded to his below-policy-statement-range sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). With respect to Bost's first argument, the district court reasonably rejected Bost's request for a sentence similar to that of his codefendant because Bost committed an additional robbery and acted more violently than his codefendant. As for Bost's second argument, the dismissal of the state charges is hardly a mitigating factor since those charges were apparently dismissed as a result of the Government's election to federally prosecute Bost for the robberies. Bost's

---

[2] Even assuming procedural error, we conclude that the error is harmless in light of the district court's explicit rejection of Bost's argument for a concurrent sentence and the Guidelines' recommendation for a consecutive sentence in this case. *See United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012) (explicating harmless error standard); *United States v. Brack*, 651 F.3d 388, 392 n.2 (4th Cir. 2011) (observing Guidelines' policy statements and commentary entitled to controlling weight absent conflict with statute or Guidelines themselves).

7

final substantive reasonableness challenge likewise fails because the district court's primary purpose in imposing the revocation sentence was not to punish Bost for his criminal conduct alone, but rather to sanction his repeated breaches of the court's trust. *See Moulden*, 478 F.3d at 658-59 (observing that repeated violations of supervised release conditions may be considered in crafting revocation sentence).

For these reasons, we conclude that the district court did not abuse its discretion in entering the restitution order and that Bost has failed to show that his revocation sentence is plainly unreasonable. Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*